UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JESUS DIAZ and ROSA DIAZ,<br>        Plaintiffs, | )<br>)<br>) |
| v. | )  CAUSE NO. 2:15-CV-326-PRC |
| UNITED STATES STEEL CORPORATION,<br>        Defendant. | )<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on a Plaintiffs' Motion for Leave to File Response to Defendant's Motion for Summary Judgment [DE 23], filed by Plaintiffs Jesus Diaz and Rosa Diaz on June 14, 2017. Defendant United States Steel Corporation ("U.S. Steel") filed a response on June 20, 2017. No reply has been filed. Also on June 14, 2017, Plaintiffs filed a Plaintiffs' Response to Defendant's Motion for Summary Judgment [DE 24], a Plaintiffs Designation of Evidence [DE 25], and a Memorandum of Law in Support of Plaintiffs' Response to Summary Judgment [DE 26].

On March 15, 2017, which was the deadline to file dispositive motions, U.S. Steel filed a Motion for Summary Judgment. Plaintiffs' deadline to file a response was April 12, 2017. Plaintiffs missed that deadline, and they now request the Court's leave to file a response.

A motion for leave to file a late response is treated as a motion to extend the deadline for the response. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 883 (7th Cir. 2012). Federal Rule of Civil Procedure 6 provides that, after the time has expired for a party to act, the deadline may be extended for good cause "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect is determined as a matter of equity, "taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507

U.S. 380, 395 (1993) (interpreting a Federal Rule of Bankruptcy Procedure); *see also Flint v. City of Belvidere*, 791 F.3d 764, 768 (7th Cir. 2015) (applying *Pioneer* to Fed. R. Civ. P. 6(b)).

The most important consideration in determining excusable neglect is the reason for the delay. "[I]f the moving party fails to demonstrate 'genuine ambiguity or confusion about the scope or application of the rules or some other good reason for missing the deadline,' [the moving party] cannot establish excusable neglect, regardless of how short the delay was or how little it prejudiced the opposing party." *Knapp v. Evgeros, Inc.*, 205 F. Supp. 3d 946, 951 (N.D. Ill. 2016) (quoting *Satkar Hospitality, Inc. v. Fox Television Holdings*, 767 F.3d 701, 707 (7th Cir. 2014)).

Here, Plaintiffs' stated reason for missing the deadline is Plaintiffs' counsel's contact information being outdated. Specifically, the e-mail address on record with the Court—through which Plaintiffs receive electronic notice of filing—was outdated, so Plaintiffs' counsel was unaware that the Motion for Summary Judgment was filed until a telephone conference with Defendant's counsel on June 9, 2017.

Plaintiffs state in the instant motion that "the Court and Clerk had an outdated e-mail address for Plaintiffs counsel" and that the Motion for Summary Judgment "must have been sent to the incorrect e-mail address." (Mot. at 1-2, ECF No. 23). However, the Court's CM/ECF Civil and Criminal User Manual Section I.B.4. states that "[a]ttorneys are responsible for notifying the court when their name, mailing address or e-mail address changes." Accordingly, though electronic service of the Motion for Summary Judgment was sent to an e-mail address no longer used by Plaintiffs' counsel, this is attributable to that counsel's failure to notify the Court of the updated information. Further, if Plaintiffs' counsel had checked the docket in this case within four weeks of the dispositive motion deadline, Plaintiffs' counsel would have discovered that the Motion for

Summary Judgment had been filed and would have been able to either respond to the Motion or ask for an extension of time to respond to it before the response deadline passed.

In short, Plaintiffs' failure to file a timely response to the Motion for Summary Judgment is entirely attributable to their—or their counsel's—own failure to keep contact information current with the Court and to check the docket sheet after the dispositive motion deadline passed. The missed deadline to respond to the Motion for Summary Judgment is not a result of "genuine ambiguity or confusion about the scope or application of the rules or some other good reason for missing the deadline." Excusable neglect has not been shown.

Therefore, the Court hereby **DENIES** the Plaintiffs' Motion for Leave to File Response to Defendant's Motion for Summary Judgment [DE 23]. The Court **STRIKES** the Plaintiffs' Response to Defendant's Motion for Summary Judgment [DE 24], the Plaintiffs Designation of Evidence [DE 25], and the Memorandum of Law in Support of Plaintiffs' Response to Summary Judgment [DE 26].

So ORDERED this 13th day of July, 2017.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT