# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| JESUS DIAZ and ROSA DIAZ, | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:15-CV-326-PRC |
| | ) | |
| UNITED STATES STEEL CORPORATION, | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment [DE 19], filed by Defendant Unites States Steel Corporation ("U.S. Steel") on March 15, 2017. For the reasons set forth below, Defendant's Motion for Summary Judgment is granted.

## PROCEDURAL BACKGROUND

Plaintiffs Jesus and Rosa Diaz initiated this personal injury action by filing a Complaint in Lake County, Indiana, Superior Court on November 17, 2014. U.S. Steel filed an Answer on May 13, 2015. On August 31, 2015, U.S. Steel removed this case to this Court on the basis of federal jurisdiction due to diversity of citizenship.

The case proceeded through discovery. On March 15, 2017, U.S. Steel filed the instant Motion for Summary Judgment. The Diazes did not file a timely response to the Motion. The Motion is ripe for ruling.

The parties orally agreed on the record to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure require that a motion for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Summary judgment is appropriate when no material fact is disputed and the moving parties are entitled to judgment as a matter of law, meaning that no reasonable jury could find for the other party based on the evidence in the record." *Carman v. Tinkes*, 762 F.3d 565, 566 (7th Cir. 2014).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323; Fed. R. Civ. P. 56 (a), (c). The moving party may discharge its initial responsibility by simply "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325; *see also Spierer v. Rossman*, 798 F.3d 502, 508 (7th Cir. 2015). When the nonmoving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Celotex*, 477 U.S. at 323, 325; *Spierer*, 798 F.3d at 507-08; *Modrowski v. Pigatto*, 712 F.3d 1166, 1168-69 (7th Cir. 2013).

"Once the moving party puts forth evidence showing the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). The non-moving party cannot resist the motion and withstand summary judgment by merely resting on his pleadings. *See* Fed. R. Civ. P. 56(c)(1), (e); *Flint v. City of Belvidere*, 791 F.3d 764, 769 (7th Cir. 2015) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e) (1986)). Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e); *see also Anderson*, 477 U.S. at 248-50.

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson*, 477 U.S. at 255; *McDowell v. Vill. of Lansing*, 763 F.3d 762, 764, 765 (7th Cir. 2014); *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249-50.

## MATERIAL FACTS

Northern District of Indiana Local Rule 56-1 requires the moving party to file with the Court a "'Statement of Material Facts' that identifies the facts that the moving party contends are not genuinely disputed." N.D. Ind. L.R. 56-1(a). In response, the opposing party is obligated to file with the Court a "'Statement of Genuine Issues' that identifies the material facts that the party contends are genuinely disputed so as to make a trial necessary." N.D. Ind. L.R. 56-1(b)(2). "When a responding party's statement fails to dispute the facts set forth in the moving party's statement in the manner dictated by the rule, those facts are deemed admitted for purposes of the motion." *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009) (citing *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003)) (addressing the equivalent local rule for the United States District Court for the Northern District of Illinois); *see also Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994) (noting that the Seventh Circuit Court of Appeals has routinely sustained "the entry of summary judgment when the non-movant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts").

In the present case, U.S. Steel, as the moving party, has submitted a Statement of Material Facts. The Diazes, however, did not submit a timely response brief, much less a timely-filed Statement of Genuine Issues. Therefore, the following facts asserted by U.S. Steel and supported by admissible evidence are considered to exist without controversy for the purposes of this Motion for Summary Judgment.

At the time of the incident giving rise to this litigation, Jesus Diaz was an employee of Mid-Continent Coal & Coke Company ("Mid-Continent"). Mid-Continent had an operating agreement

with U.S. Steel to perform duties with respect to coke processing on U.S. Steel's premises. The operating agreement provides that

> Except with respect to equipment, materials or services to be furnished by USS to Contractor as expressly specified herein or in other Contract Documents identified in Article 1.5 below, Contractor shall furnish and pay for all labor, supervision, materials, supplies, services, tools, equipment, utilities, transportation, facilities, structures, methods, processes and technology and do and perform all work, labor, and/or services at USS's aforesaid Works as are specified to be performed by Contractor in USS's Specification identified in Article 1.5 below.

(Def.'s Ex. D at art. 1.1, ECF No. 21-4). The agreement further provides that "[t]he safety of the persons employed by Contractor and its subcontractors on USS's premises . . . shall be the sole responsibility of Contractor" and that "Contractor shall be solely responsible for the selection of methods and processes and the operation of equipment used to carry out its Work." *Id.* at art. 12.1, 14.2. Mid–Continent agreed to keep its assigned work areas in a clean and orderly condition in compliance with good housekeeping practices and applicable laws or regulations. U.S. Steel had the right to direct corrective action or order Mid-Continent to vacate the site if Mid-Continent failed in regard to workplace safety.

On March 29, 2013, Jesus Diaz was performing a pre-startup inspection and lubricating a vibrating screen when he slipped on frozen coke fines which had accumulated on the platform cross walk, and he fell through a railing to the ground below. Following the incident, Mid-Continent determined that the walkway was not kept adequately cleaned, and that buildup in this area accumulates rapidly when running coal and coke fines, and that the material froze under the weather conditions. Mid-Continent indicated that the walkway should be cleaned daily. Mid-Continent also indicated that there was a broken weld in the railing and that the railing was re-welded.

5

## ANALYSIS

Local Rule 7-1(d)(4) provides that "[t]he court may rule on a motion summarily if an opposing party does not file a response before the deadline." N.D. Ind. L.R. 7-1(d)(4). The trial court's interpretation and application of its Local Rules is subject to great deference. *See Cichon v. Exelon Generation Co., LLC*, 401 F.3d 803, 809-10 (7th Cir. 2005); *Cuevas v. United States*, 317 F.3d 751, 752 (7th Cir. 2003); *Tenner v. Zurek*, 168 F.3d 328, 331 (7th Cir. 1999). A trial court has the authority to strictly enforce its Local Rules, even if summary judgment results. *See Koszola v. Bd. of Educ.*, 385 F.3d 1104, 1109 (7th Cir. 2004), *overruled on other grounds by Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760, 764-65 (7th Cir. 2016); *Waldridge.*, 24 F.3d at 921-22 (upholding the trial court's strict enforcement of local rules on summary judgment).

As described above, Federal Rule of Civil Procedure 56(e) provides that "[i]f a party . . . fails to properly address another party's assertion of fact . . . , the court may . . . grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e). Thus, summary judgment is appropriate when the non-movant does not respond before the deadline passes, and the "motion demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir. 1994).

In their Complaint, the Diazes allege that U.S. Steel owned, managed, supervised, and controlled the facility at which Jesus Diaz was working when he fell from the walkway. The Diazes further allege that the walkway had a safety rail and other safety features which were negligently designed, manufactured, constructed, maintained, and otherwise were not safe.

U.S. Steel seeks summary judgment on the Diazes' state-law negligence claim. The Court must apply Indiana law as the Indiana Supreme Court would apply it. *Home Valu, Inc. v. Pep Boys*, 213 F.3d 960, 963 (7th Cir. 2000). To prevail on a negligence claim, a plaintiff must show that the defendant owed him a duty, that the Defendant breached that duty, and that the breach proximately caused the injury. *FSF Presidential Estates v. Grounds*, 997 N.E.2d 372, 374 (Ind. Ct. App. 2013) (citing *Williams v. Cingular Wireless*, 809 N.E.2d 473, 476 (Ind. Ct. App. 2004)).

While it is rarely appropriate to dispose of negligence cases on summary judgment, *see, e.g.*, *Downey v. Union Pac. R.R.*, 411 F. Supp. 2d 977, 981 (N.D. Ind. 2006), "[w]hether a defendant owes a duty of care to a plaintiff is a question of law for the court to decide." *N. Ind. Pub. Serv. Co. v. Sharp*, 790 N.E.2d 462, 466 (Ind. 2003) (citing of *Stephenson v. Ledbetter*, 596 N.E.2d 1369, 1371 (Ind. 1992)).

In general, a principal is not liable for the negligence of an independent contractor. *PSI Energy, Inc. v. Roberts*, 829 N.E.2d 943, 950 (Ind. 2005) (citing *Merrill v. Knauf Fiber Glass, GmbH*, 771 N.E.2d 1258, 1264 (Ind. Ct. App. 2002)), *abrogated in part on other grounds by Helms v. Carmel High Sch. Vocational Building Trades Corp.*, 854 N.E.2d 345, 346 (Ind. 2006). This general rule is subject to five exceptions: (1) when the work is intrinsically dangerous; (2) when the principal is by law or contract charged with performing a specific duty; (3) when the act performed will create a nuisance; (4) when the act performed will probably cause injury to others if due care is not taken; and (5) when the act is illegal. *Helms*, 854 N.E.2d at 345-46 (citing *Bagley v. Insight Commc'ns Co.*, 658 N.E.2d 584, 586 (Ind. 1995)).U.S. Steel asserts that the only exception at issue here is whether U.S. Steel assumed a duty by contract. The Diazes, by not filing a timely reply, have not argued that any of the other exceptions are at issue.

"If a contract *affirmatively evinces* intent to assume a duty of care, actionable negligence may be predicated upon the contractual duty." *England v. Fairfield Contracting, Inc.*, 908 N.E.2d 238, 242 (Ind. Ct. App. 2008) (quoting *Stumpf v. Hagerman Const. Corp.*, 863 N.E.2d 871, 876 (Ind. Ct. App. 2007)). Affirmative evincement is required; merely ambiguous contract provisions are insufficient to impose liability on the principal. *Id.*

The evidence and argument put forth by U.S. Steel show that the operating agreement between U.S. Steel and Mid-Continent assigned "sole responsibility" of the "safety of the persons employed by Contractor and its subcontractors on USS's premises" to Mid-Continent. (Def.'s Ex. D. art. 12.1, ECF No. 21-4). The agreement also provided that Mid-Continent "shall fully, faithfully and expeditiously discharge its responsibilities pertaining to maintenance of a safe Work site, including . . . keeping its assigned Work areas in a clean and orderly condition . . . ." *Id.* at art. 12.4. U.S. Steel and Mid-Continent further agreed in the document that Mid-Continent "shall be solely responsible for the selection of methods and processes and the operation of equipment used to carry out its Work." *Id.* at art. 15.2. These provisions of the operating agreement do not affirmatively evince an intent of U.S. Steel to assume a duty of care. Instead, they show that U.S. Steel and Mid-Continent agreed that U.S. Steel would bear no duty of care to provide a safe work environment for Mid-Continent and its employees and that this duty would be borne by Mid-Continent. U.S. Steel has put forth evidence showing the absence of a genuine dispute of material fact regarding assumption of a duty of care, and the Diazes have not met their burden to provide evidence of specific facts creating a genuine dispute that the duty of care was assumed. Consequently, U.S. Steel is entitled to summary judgment in its favor.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendant's Motion for Summary Judgment [DE 19]. The Court grants summary judgment in favor of Defendant U.S. Steel and against Plaintiffs Jesus Diaz and Rosa Diaz. The Court **DIRECTS** the Clerk of Court to enter judgment in favor of Defendant U.S. Steel.

SO ORDERED this 13th day of July, 2017.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT